IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ANDRA GROUP, LP<br><br>   *Plaintiff,*<br><br>v.<br><br>C. & J. CLARK AMERICA, INC. d/b/a CLARKS,<br><br>   *Defendant*. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 5:26-CV-00019<br>§<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§ |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Andra Group, LP ("Andra Group" or "Plaintiff") hereby submits this Complaint for patent infringement against Defendant C. & J. Clark America, Inc. ("Clarks" or "Defendant").

## PARTIES

1. Andra Group is a Texas limited partnership, with a principal place of business in Texas. Among other things, Andra Group operates online retail businesses known as HerRoom at Herroom.com and HisRoom at Hisroom.com. A large and varied assortment of apparel is marketed at Herroom.com and Hisroom.com.

2. Defendant C. & J. Clark America, Inc. d/b/a Clarks is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 140 Kendrick Street, Needham, MA 02494.  Clarks' registered agent for service is: United Agent Group, Inc., located at 1001 State Street, #1400, Erie, PA 16501 USA.  On information and belief, Clarks sells and offers to sell products and services throughout the United States, including in this District, and introduces physical products and services into the stream of commerce using technology that results in infringement of the Plaintiff's patent knowing that they would be sold in this District and elsewhere in the United States.

3.     Defendant owns and operates (and/or hold themselves out as owning and operating) Clarks domestic retail stores. Clarks has at least the following several retail stores in this District: (1) 820 W Stacy Road, Suite 440, Allen, TX 75013. In this regard, Defendant has adopted and ratified the retail stores within this District as its places of business.

4.     Defendant also owns and operate Defendant's website [www.clarks.com](www.clarks.com) (the "Website") The Clarks Website purports to be owned and operated by C. & J. Clarks International Limited, C. & J. Clark America, Inc., C. & J. Clarks (Holdings) Limited, and C. & J. Clarks Vertriebs GMBH. Defendant and their agents use the Website while in Defendant's stores in this District.

5.     The website and the brick-and-mortar stores are inextricably linked.  Rather than operate as separate and independent corporate entities, Defendant works to produce a unified consumer experience across platforms and retail stores.  As an example, the website directs consumers to the retail stores, and the sales associates at the retail stores direct customers to the website while in the stores.  At www.clarks.com/en-us/store-locator customers are able to "find a store" by zip code.  The website offers an "my account" section where a customer's transactions across physical stores and online shopping are tracked.  A customer can obtain privileges such as using "perks" and exclusive discounts whether in-store or online.  Customers may return items they bought online to a physical store.  The stores and app, offer the same products for sale.  Promotions, sales, offers, collections, styles, and products offered via the website and apps are coordinated with what is available in stores.  The website further includes a "Careers At Clarks" link which includes job postings for in-store jobs, including jobs in this District.

**JURISDICTION AND VENUE**

6.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has specific and general personal jurisdiction over Clarks pursuant to due process and/or the Texas Long Arm Statute, due at least to Clarks' substantial business in this forum, including (i) the infringement alleged herein, and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from good and services provided to individuals in Texas and this judicial district. For example, Clarks' agents have used the Website while present in Defendant's stores in this judicial district, and while doing so have caused infringement of the patent-in-suit, which has resulted in injury to Andra Group in Texas. In addition, Defendant's Website is marketed, directed, and made available to Texas residents in this judicial district, and those residents' use of the Website causes the patent-in-suit to be infringed. Andra Group's infringement claims arise out of or relate to Defendant's activities directed at residents of Texas.

8. Venue is proper in this district under 28 U.S.C. §1400(b) because, among other things, Clarks is subject to personal jurisdiction in this judicial district, Clarks has regular and established places of business in this judicial district, Clarks had purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in this judicial district. Clarks' regular and established places of business in this judicial district include physical stores, including, without limitation, a store at: 820 W Stacy Road Allen, TX 75013. Further, as alleged in greater detail in this Complaint, Defendant has committed and continues to commit acts of infringement in this District.

## THE PATENT-IN-SUIT

9. Tomima Edmark is the sole inventor of United States Patent No. 8,078,498 ("the '498 Patent") entitled "Virtual Showroom System and Method". The '498 Patent was issued on December 13, 2011. A true and correct copy of the '498 Patent is attached as Exhibit A.

10. The '498 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. The '498 Patent is a continuation of application No. 09/564,372, filed on May 2, 2000, now Patent No. 7,346,543 ("the '543 Patent"). In turn, the '543 Patent claims priority to U.S. Ser. 60/184,789, filed Feb. 24, 2000, also entitled "Virtual Showroom System And Method."

12. Andra Group is the assignee of all rights, title, and interest in and to the '498 Patent. Prior to Edmark's assignment to Andra Group, she was the only owner of the '498 Patent, and she exclusively licensed it to Andra Group.

13. The '498 Patent provides, among other things, a method of displaying an article within a virtual showroom associated with a network server, comprising:

    a. providing, by a processor, a plurality of thumbnail images of said article, each image comprising an icon and representing a respective perspective view of said article, allowing a user of said network server to select one of said plurality of thumbnail images for display in a master display field wherein each respective perspective view represents a different perspective view of the same said article, each respective perspective view being selected from the group consisting of front, rear, side, and isometric views;

    b. providing a distinctive characteristic to said one of said plurality of thumbnail images selected by said user; and

    c. displaying said selected one of said plurality of thumbnail images in said master display field.

14. Edmark's teachings in the '498 Patent, when implemented, gave website users the opportunity to virtually inspect articles by clicking on thumbnail images that provided a different perspective of each article in a master frame.

15. The inventions disclosed in the '498 Patent provide technological solutions to the Internet-centric problem of displaying tangible objects in a two-dimensional forum, solutions that did not have a pre-Internet analogue.

16. The '498 Patent addresses these problems and provides multiple improvements over prior systems and methods. The methods also improve the performance of webpages. By providing a master display field in conjunction with thumbnail images—bandwidth is preserved, and pages load faster. *See generally* Expert Report of Ryan Garlick ("Garlick Report") (attached as Exhibit B and incorporated herein by reference)

17. As of late 2000, most website users connected to the Internet using slow dial-up connections that transmitted data at a maximum of 56 kilobits per second. *Id*. Images in a web page are likely to be orders of magnitude larger than HTML text with the same content and will result in slower downloads. *Id*. Speeding up the delivery of a web page, particularly a page with multiple related images, is and was a critical factor to preventing a user from abandoning the site, and a notable improvement disclosed in the '498 patent over prior systems implementing full size image galleries. *Id*. Speedy delivery of websites is critical—any delay may be the difference between successful and failed interactions with a website user. *Id*.

18. In analyzing the page load performance improvements of the '498 Patent's technology, relevant operations to consider are those which actually require transmission from server to client (thereby consuming slower network resources), and how those transmissions are reduced while actually improving the user experience when viewing the page. *Id*. It is the network-throughput bottleneck that is the most critical in speeding up web page loading times, and this is an area that is improved with the technology described in the '498 Patent. *Id*.

19. A web page at the time of the '498 Patent filing containing multiple images would often display those images in full-size within the text of the page or, in the case of an image gallery,

5

in a single column from top to bottom or an HTML table allowing display in columns and rows. *Id*. This would consume considerable space on the page and require transmitting many large images from server to client. *Id*.

20. Smaller versions of a page's images, or thumbnails, might also be presented to the user. Upon selection of a thumbnail image (e.g., by clicking), a larger version of the image would replace the previously viewed page in the browser window or be shown in a pop-up window. *Id*. But these methods required a user to either press the back button or close the pop-up window to return to the display of smaller images. *Id*. These additional steps interrupt the visual and navigational flow of the site and describe an inferior design strategy. *Id*.

21. Loading only a selected large version of a chosen thumbnail into the '498 Patent's "master display field" and within the same visual context is an important improvement in the graphical user interface (GUI) of a web page. *Id*. This integration allows the user of a website to clearly see which image was chosen and the enlarged or zoomed version of the image without going to a different page or opening additional windows, while only requiring full-sized images be transmitted at the option of the user. *Id*.

22. The '498 Patent's claimed methods are not well-understood, routine, or conventional. The '498 Patent discloses and claims multiple improvements over prior systems, including:

   a. Providing additional images to convey the desired message to a user, in most circumstances with the same amount of bandwidth as a page presenting fewer full-sized images.

   b. Presenting multiple images of a product to convey additional information to a potential purchaser while requiring little additional space on the page.

   c. Presenting a more intuitive interface, allowing the user to easily determine which image is selected and view all the images full-size (if desired) in the space normally occupied by a single image (plus a row of thumbnails).

      d. Improving the user experience over full-size image galleries through increasing the number of displayed images and subsequent page load time only at the discretion of the user, rather than requiring large page load times for all users (who may or may not want to view all the images full-size).

      e. Reducing the amount of vertical scrolling required on a page and the subsequent ability to present more information "above the fold."

      f. Keeping related images in the same context, without requiring the user to press a back button or close an auxiliary window after viewing a full-sized image.

      g. Reducing image load time by 42% over a gallery of 10 full-sized images (25kB each, 2kB thumbnails), given the assumption that a user of the '498 Patent's web control chooses to view half of the images full-size.

      h. Saving users a collective 4 hours and 22 minutes per day in waiting for images to load and reducing network traffic by 63 Megabytes per day for a site with 1000 daily modem visitors (page loads) with six gallery images (with the user choosing to view 3 of the thumbnails full-sized using the '498 Patent's claimed methods and system) over a site displaying six full-sized images (25kB images, 2kB thumbnails).

23.     Further showing that the '498 Patent's claimed methods are not well-understood, routine, or conventional, the family of "Virtual Showroom System and Method" applications and patents, which includes the '498 Patent has been cited as prior art in connection with many patent applications prosecuted at the United States Patent and Trademark Office, including patent applications owned by: Amazon Technologies, Inc.; Apple Inc.; AT&T Intellectual Property I, L.P.; eBay Inc.; Fuji Xerox Co., Ltd.; PayPal, Inc.; and Sony Corporation.

## CAUSES OF ACTION

## COUNT I: INFRINGEMENT OF THE '498 PATENT

24. Andra Group incorporates and re-alleges, as though fully set forth herein, the allegations contained in the paragraphs above.

25. Defendant, directly and/or through intermediaries, owns, uses, operates, advertises, controls, puts into service, and otherwise provides a virtual showroom that infringes one or more claims of the '498 Patent, including at least Claims 1, 2, 5, 6, 7, 8, and 11, in this district and elsewhere in the United States.

26. The website located at www.clarks.com (the "Website") utilizes a method for displaying one or more articles within a virtual showroom associated with a network server.

27. Through the Website, Defendant provides, by a processor, several thumbnail images of articles, each image comprising an icon and representing a respective perspective view of the article, allowing the user to select one of the thumbnail images for display in a master display field wherein each respective perspective view represents a different perspective view of the same article, each respective perspective view being selected from the group consisting of front, rear and side, and isometric views.

28. Through the Website, Defendant provides a distinctive characteristic to the thumbnail images selected by the user.

29. Through the Website, Defendant displays the thumbnail image selected by the user in the master display field.

30. In the alternative, because the manner of use by Defendant differs in no substantial way from language of the claims, to the extent Defendant does not literally infringe the '498 Patent, Defendant infringes it under the doctrine of equivalents.

31. Defendant's activities have been without authority and license from Andra Group.

32. Defendant's infringement of the '498 Patent is described in greater detail in the claim charts attached as Exhibit C, which are incorporated by reference.

33. Alternatively, users of the Website perform certain of the limitations in the patented methods. Defendant instructs and encourages users to infringe the '498 Patent by encouraging them to utilize the Website in a manner that infringes one or more claims of the '498 Patent. Upon information and belief, Defendant advertises to and/or instructs users of the Website to do so in an infringing manner. Defendant, for example, is responsible for providing marketing materials, such as catalogs, coupons, and email product alerts, that direct others to the Website, knowing that others will use Website in a manner that infringes the '498 Patent. Defendant conditioned the use of the Website upon their users' performance of certain of the limitations of the '498 Patent, and by instructing these users on how to use the Website for this purpose, Defendant established the manner or timing of that performance.

34. By making and using the above-described virtual showroom, Defendant has injured Andra Group and are thus jointly and severally liable for infringement of the '498 Patent in accordance with 35 U.S.C. § 271.

35. Defendant had knowledge of the '498 Patent since at least the filing of this Complaint. To the extent Defendant is not directly infringing the '498 Patent, it is and has been inducing others to infringe the '498 Patent by encouraging them to utilize the Website in a manner that infringes one or more claims of the '498 Patent. Upon information and belief, Defendant advertises to and/or instructs users of the Website to do so in an infringing manner. Defendant, for example, is responsible for providing marketing materials, such as catalogs, coupons, and email product alerts, that direct others to the Website, knowing that others will use the Website in a manner that infringes the '498 Patent. Consequently, Defendant is liable for induced infringement of the '498 Patent under 35 U.S.C.§271(b).

36. In addition to what is required for pleadings in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Andra Group and all predecessors in interest to the '498 Patent complied with all marking requirements under 35 U.S.C. § 287.

37. Andra Group is entitled to recover from Defendant the damages sustained by Andra Group as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. Defendant's infringement of Andra Group's exclusive rights under the '498 Patent has damaged and will continue to damage Andra Group, causing irreparable harm, for which there is no adequate remedy at law, unless permanently enjoined by this Court.

## PRAYER FOR RELIEF

39. WHEREFORE, Plaintiff respectfully requests that this Court enter:

    a. A judgment in favor of Andra Group that Defendant has infringed the '498 Patent;

    b. A judgment and order finding Defendant liable and requiring Defendant to pay Andra Group its damages for Defendant's infringement of the '498 Patent, , with an accounting, as needed, and enhanced damages pursuant to 35 U.S.C. §284, together with prejudgment and post-judgment interest, in an amount according to proof; and

    c. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

40. Andra Group, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

    Respectfully submitted,

    /s/ *Karl Rupp*
    Karl Rupp

       Texas State Bar No. 24035243
       SOREY & HOOVER, LLP
       100 N. 6th Street, Ste. 503
       Waco, Texas 76701
       Telephone: 254.265.6817
       Facsimile: 903.230.5656
       krupp@soreylaw.com

       Nicholas A. Wyss
       Texas State Bar No. 24071459
       BRUSTER PLLC
       Heritage II
       5001 LBJ Freeway, Suite 850
       Dallas, Texas 75244
       Telephone: 512.618.7510
       nwyss@brusterpllc.com

       ATTORNEYS FOR PLAINTIFF